IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION, WELFARE AND ANNUITY FUNDS,<br><br>Plaintiffs,<br><br>v.<br><br>BRICK AND BLOCK CONSTRUCTION INC. and BRITT A. BAKER, individually,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 09-3018<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION

This matter is before the Court on Plaintiffs' Motion for Default Judgment (d/e 9). On May 19, 2009, Magistrate Judge Charles Evans entered an Order of Default (d/e 8) in Plaintiffs' favor and against Defendants. The Court having reviewed the pending Motion and other pleadings, and the Complaint (d/e 1) having been duly filed and served upon the Defendants, Brick and Lock Construction, Inc., and Britt A. Baker, individually, that the Defendants having failed to answer or otherwise plead within the statutory time frame, Plaintiffs' Motion for Default Judgment (d/e 9) is ALLOWED, in part, and DENIED without

prejudice, in part.  The Court orders as follows:

  A. That default judgment be entered in part in favor of the Plaintiffs and against the Defendants for audit liabilities due for the period from July 1, 2003, through December 31, 2007, in the amount of $334.05, returned checks for the period of July and August 2008, in the amount of $5,100.52, and liquidated damages in the amount of $3,255.53, for a total amount of $8,690.10.[1]  The Clerk is directed to enter judgment for these amounts for the period from July 1, 2003, through December 31, 2007;

  B. The Court orders Defendants to cooperate in an accounting to be taken by the Plaintiffs for the period from January 1, 2008, through current, as to wages received and hours worked by Defendants' employees to determine amounts required to be paid by the Defendants to the

---

[1] The Court notes that both the Complaint and the Motion for Default Judgment request "delinquent contributions for the period from July 1, 2003 through December 31, 2007 in the amount of $3,425.55, returned checks for the period of July and August 2008 in the amount of $5,100.52, and liquidated damages in the amount of $3,255.53, for a total amount of $8,690.10." Complaint, p. 4, ¶ 12 & p. 6, ¶ 12; Motion for Default Judgment, p. 2.  This statement is internally inconsistent; the three stated amounts, when added together equal $11,781.60, not $8,690.10 as claimed.  The relevant paragraphs of the Complaint cite and incorporate Complaint, Ex. F for a breakdown of relevant amounts.  An examination of Ex. F reveals audit liabilities due for the period from July 1, 2003, through December 31, 2007, in the amount of $334.05, rather than delinquent contributions for that period in the amount of $3,425.55. Complaint, Ex. F, p. 1.  Taking the $334.05 amount and adding it to returned checks for the period of July and August 2008, in the amount of $5,100.52 and liquidated damages in the amount of $3,255.53, results in a total amount of $8,690.10.  Thus, the Court finds that the record supports default judgment in these amounts.

Plaintiffs and any unpaid contributions and liquidated damages unpaid at the time judgment is rendered.  Defendants are directed to appear and produce contribution reporting forms, any and all payroll books and employee records pertinent to this action for the period from January 1, 2008, through the present, at the law offices of Cavanagh & O'Hara, 1609 North Illinois Street, Swansea, Illinois, on or before July 15, 2009, at 2:00 p.m.  The Court denies, without prejudice, Plaintiffs' request for a default judgment for the period from January 1, 2008, through the present at this time.  Plaintiffs may renew their request for judgment for this time period when they have completed the accounting and ascertained the amounts owed for unpaid contributions and other damages and costs;

  C. Defendants are directed to perform and continue to perform all their obligations to the Plaintiffs, particularly to furnish to the Plaintiffs the required contribution reports and payments; and

  D. The Court denies, without prejudice, Plaintiffs' request for attorney fees and costs.  Plaintiffs may renew their request for attorney fees and costs when they have completed the accounting which has been ordered.

IT IS THEREFORE SO ORDERED.

ENTER:  June 15, 2009

    FOR THE COURT:

                                                  s/ Jeanne E. Scott
                                                  JEANNE E. SCOTT
                                   UNITED STATES DISTRICT JUDGE